D. James Pak (SBN 194331)
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
Telephone: (415) 592-3209
Facsimile: (415) 576-3099
D.James.Pak@bakermckenzie.com

Todd G. Friedland (SBN 187022)
STEPHENS FRIEDLAND LLP
4695 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (949) 468-3200
todd@sf-lawyers.com

Attorneys for Defendants Hyundai Motor America, Hyundai Motor Company, Kia Motors America, Inc., and Kia Motors Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DIAMOND COATING TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR COMPANY, KIA MOTORS AMERICA INC., AND KIA MOTORS CORPORATION,<br><br>Defendants. | Case No. 8:13-CV-01480 MRP (DFMx)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR LEAVE TO TAKE DISCOVERY FROM THIRD PARTY SANYO ELECTRIC CO., INC. (now d/b/a PANASONIC CORPORATION) AFTER FACT DISCOVERY CUT-OFF DATE** |

Defendants Hyundai Motor America, Hyundai Motor Company, Kia Motors America, Inc., and Kia Motors Corporation, (collectively, the "Defendants") hereby object to Plaintiff's Opposition To Defendants' *Ex Parte* Application For Leave To Take Discovery From Third Party Sanyo Electric Co., Inc. (now d/b/a Panasonic Corporation) After Fact Discovery Cut-Off Date (ECF No. 97) ("Opposition"))

The Opposition of Plaintiff Diamond Coating Technologies, LLC ("DCT") contains several legally and/or factually erroneous statements.  Defendants lodge their objections as follows:

## A.  **OBJECTION No. 1:** **Defendants Object to Plaintiff's Statement that Defendants Could Have Filed a Regularly Noticed Motion Prior to the Close of Fact Discovery.**

Plaintiff states multiple times that Defendants should have and could have brought a regularly-noticed motion rather than *ex parte* application. (Opp'n at 1:12-14; 8:7-8; 9:2-6.)  Defendants object to such statements as they are factually and legally erroneous.  Defendants could not have done so under the local rules.

Under the local rules, 29 days are required after the 10 day-period for the meet and confer under L.R. 37-1:  8 days (7+1) under L.R. 37-2.2 plus 21 days under L.R. 37-3.  Even if the parties met and conferred as soon as they could on January 28, 2015 (as Plaintiff states at Opp'n 8:18-20), and Defendants forwarded their portion of the joint stipulation under L.R. 37-2.2 the next day on January 29, 2015, the earliest date Defendants could have noticed for a hearing is **March 2, 2015** -- after the fact discovery close date of February 23, 2015.

Thus, an *ex parte* motion was the only means available under the local rules for Defendants to bring a motion to take formal international discovery of Sanyo once it reneged on its earlier agreement to provide depositions.[1]  *See, e.g., Centocor, Inc. v.*

---

[1] Because the deadline for a regularly noticed motion passed, Defendants deferred filing the *ex parte* application until after the February 17-18, 2015 depositions of former DCT employees who used to interact with Sanyo to obtain further information regarding Sanyo to better assess the necessity of the *ex parte* application and the motion to dismiss for lack of standing.

*Genetech, Inc. et al.*, Case No. 2:08-cv-03573-MRP-JEMx, May 17, 2010 Order Granting Ex Parte Application for Leave to Take Deposition . . . After the Discovery Cut-off Date (C.D. Cal., May 17, 2010) (J. Pfaelzer).

Accordingly, Plaintiff's statements that Defendants could have brought a regularly noticed motion is factually and legally incorrect.

### B. OBJECTION No. 2: Defendants Object to Plaintiff's Statements That Defendants Are Not Entitled to Take Discovery on Their Inequitable Conduct Because It Was Not Pled

Plaintiff states that Defendants are not entitled to take discovery of Sanyo on the prior art and inequitable conduct related issues because the defense of inequitable conduct was not pled by Defendants. (Opp'n at 12:26-12:20.) This is legally erroneous.

Parties are allowed to conduct discovery on the inequitable conduct defenses as they are reasonably calculated to lead to the discovery of admissible evidence. This is particularly true where the evidence relating to inequitable conduct (e.g., materiality of withheld prior art and intention to mislead the USPTO) is in the possession of the patentee. Because the law requires such defenses be pled with particularity, any attempts by Defendants without proper discovery from the patentee on this topic would have met with a motion to dismiss under *Twombly/Iqbal* pleading standard.[2] Hence the courts have allowed and Defendants are entitled to such discovery on inequitable conduct related issues even without having pled them – which they would do once sufficient evidence is obtained from the patentee.[3]

---

[2] *Exergen Corporation v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2011).

[3] *Baxter Health Care Corp. v. Fresenius Medical Care Holding, Inc.*, 2009 U.S. Dist. LEXIS 32380, at *8 (N.D. Cal. Apr. 2, 2009) ("It is often necessary to review documents and depose witnesses before stating any contention about inequitable conduct."); *Semiconductor Energy Lab. Co. Ltd. v. CHI MEI Optoelectronics Corp.*, 2006 U.S. Dist. LEXIS 94340, 2006 WL 3826726, at *3 (N.D. Cal. Dec. 27, 2006) (granting leave to amend when "defendants would not have been able to plead inequitable conduct with sufficient specificity prior to obtaining witness testimony"); *Stanford v. Roche,* 2008 U.S. Dist. LEXIS 16556, 2008 WL 624771 at *7 (N.D. Cal. Mar. 4, 2008) ("Despite the availability of this documentary evidence, it was reasonable- indeed, perhaps necessary- for Roche to wait until after obtaining

Accordingly, Defendants object to Plaintiff's statements that Defendants should not be allowed to take discovery of inequitable conduct defense, because it was not pled, as legally incorrect.

**C.    OBJECTION No. 3: Defendants Object to Plaintiff's Statements That Defendants Chose Not To Seek Any Formal Discovery From Sanyo**

Plaintiff states that Defendants made "a strategic choice not to seek any formal discovery from Sanyo." (Opp'n at 2:14-17.) Plaintiff's statements and arguments to this effect are factually incorrect.

Because Plaintiff has a contractual relationship with Sanyo relating to this case, Defendants worked with Plaintiff to secure agreement and Orders for international discovery of Sanyo – the agreed upon deposition on February 2-5, 2015 in Osaka, Japan. This is an expressly permitted process pursuant to <u>the U.S.-Japan Consular Convention of 1963</u> (the "Treaty") – which permits the taking of depositions at the U.S. Consulate in Osaka, Japan ("Osaka Consulate") – as a viable alternative to the letters rogatory process. The letters rogatory process became necessary only after Sanyo refused to provide the agreed upon depositions.

Accordingly, Plaintiff's statements and assertions in its Opposition that Defendants sat on the international discovery and made a strategic choice not to seek any formal discovery from Sanyo are without factual basis, and Defendants objects to them.

**D.    Reservation of Arguments**

Defendants have refrained from making any arguments other than the objections noted above as to Plaintiff's misstatements of law and/or fact in view of their *ex parte* application, and therefore, reserve the right to respond to the other arguments raised by Plaintiff in its Opposition should the Court desire to hear further from the parties.

---

corroborating deposition testimony" before amending its answer to include inequitable conduct")).

| | |
|---|---|
| Dated: February 26, 2015 | Respectfully submitted:<br><br>**BAKER & McKENZIE LLP**<br>D. James Pak<br><br>By: /s/ *D. James Pak*<br>Attorneys for Defendants Hyundai Motor America, Hyundai Motor Company, Kia Motors America, Inc., and Kia Motors Corporation |

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, I served a copy of the foregoing

**DEFENDANTS' OBJECTION TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO TAKE DISCOVERY FROM THIRD PARTY SANYO ELECTRIC CO., INC. (now d/b/a PANASONIC CORPORATION) AFTER FACT DISCOVERY CUT-OFF DATE**

via e-mail to all counsel of record.

By: /s/ D. James Pak
D. James Pak